UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIN HOLDINGS CORPORATION,<br>Plaintiff,<br>v.<br>FORMULA VC LTD., et al.,<br>Defendants. | Case No. 15-cv-02294-MEJ<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL**<br><br>Re: Dkt. No. 53 |

## INTRODUCTION

On April 29, 2016, Jessica Taran filed a Motion to Withdraw as Counsel for Defendant Andrey Kessel. Dkt. No. 53. The Court finds this matter suitable for disposition without oral argument and **VACATES** the June 9, 2016 hearing. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7-1(b). Having considered the record in this case and relevant legal authority, the Court **GRANTS** the Motion for the reasons set forth below.

## BACKGROUND

Plaintiff Chassin Holdings Corporation ("Plaintiff") seeks to recover damages resulting from alleged fraud, violations of securities laws, and contractual and fiduciary breaches committed in the solicitation of Plaintiff's financial investments. First Am. Compl., Dkt. No. 34. Kessel initially moved to dismiss the claims against him for lack of personal jurisdiction, but the Court denied his motion. Dkt. Nos. 39, 50. Shortly after the entry of the Order denying his motion to dismiss, Kessel indicated to Taran that he may not further defend against this action. Taran Decl. ¶ 6, Dkt. No. 53. By e-mail dated April 29, 2016, Kessel subsequently terminated Taran's services in connection with representing him in this case and expressly instructed her not to file any further documents. *Id.* ¶ 7; Ex. A (copy of Kessel's email). Given Kessel's email and his

express instructions, Taran seeks an order permitting withdrawal on the grounds that she cannot continue to remain in the case as his counsel. *Id.* ¶ 8. Kessel did not file a response to Taran's Motion. Plaintiff filed a Limited Opposition, stating it does not oppose the requested relief and acknowledges that Taran cannot effectively represent Kessel under these circumstances, but requesting that any order granting the Motion be conditioned on Taran continuing to receive service on behalf of and for forwarding to Kessel until substitute counsel has appeared for him or until he appears pro se. Dkt. No. 54.

On May 9, 2016, Plaintiff Chassin Holdings Corporation filed a Request for Entry of Default against Kessel. Dkt. No. 60. The Clerk of Court entered default against him on May 13, 2016. Dkt. No. 63.

**LEGAL STANDARD**

The Court's Civil Local Rules authorize an attorney to withdraw as counsel of record if: (1) written notice has been given reasonably in advance to the client and all other parties in the action; and (2) the attorney obtains leave of Court. Civ. L.R. 11-5(a). In this District, the conduct of counsel, including the withdrawal of counsel, is governed by the standards of professional conduct required of members of the State Bar of California. Civ. L.R. 11-4(a)(1); *see Nehad v. Mukasey*, 535 F.3d 962, 970 (9th Cir. 2008) (applying California Rules of Professional Conduct to attorney withdrawal). California Rule of Professional Conduct 3-700(C) provides several enumerated grounds pursuant to which counsel may properly seek to withdraw from a representation. One of these grounds is that "[t]he client . . . by other conduct renders it unreasonably difficult for the member to carry out the employment effectively." Cal. Rule of Prof. Conduct 3-700(C)(1)(d).

The decision to permit counsel to withdraw is within the sound discretion of the trial court. *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009). "Courts consider several factors when considering a motion for withdrawal, including: (1) the reasons counsel seeks to withdraw; (2) the possible prejudice that withdrawal may cause to other litigants; (3) the harm that withdrawal might cause to the administration of justice; and (4) the extent to which withdrawal will delay resolution of the case." *Atkins v. Bank of Am., N.A.*, 2015 WL 4150744, at *1 (N.D.

1  Cal. July 9, 2015) (citing *Deal v. Countrywide Home Loans*, 2010 WL 3702459, at *2 (N.D. Cal.
2  Sept. 15, 2010)).

3   Before withdrawal is permitted, counsel must comply with California Rule of Professional
4  Conduct 3-700(A)(2), which provides that counsel shall not withdraw from employment until the
5  member has taken steps to avoid reasonably foreseeable prejudice to the rights of the client,
6  including giving due notice to the client, allowing time for employment of other counsel,
7  complying with Rule 3-700(D) (regarding papers), and complying with applicable laws and rules.
8  *El Hage v. U.S. Sec. Assocs., Inc.*, 2007 WL 4328809, at *1 (N.D. Cal. Dec. 10, 2007).

## DISCUSSION

Based on the record in this case, the Court finds withdrawal is appropriate given Kessel's explicit instructions that Taran not file any further documents on his behalf. *See* Cal. Rule of Prof. Conduct 3-700(C)(1)(d) (withdrawal permissible where "[t]he client . . . renders it unreasonably difficult for the member to carry out the employment effectively."). In addition, the Court finds Taran has complied with the requirements of Civil Local Rule 11-5(a) and the California Rules of Professional Conduct. Taran provided reasonable advance notice to Kessel and all the other parties that have appeared in this case of her intention to withdraw as Kessel's counsel of record. The Court also finds Taran has taken steps to avoid reasonably foreseeable prejudice to Kessel's rights by giving due notice of her intent to withdraw and by allowing Kessel time to obtain substitute counsel. Further, Plaintiff does not oppose the requested relief, other than requesting that any order granting the Motion be conditioned on Taran continuing to receive service on behalf of and for forwarding to Kessel. Accordingly, the Court concludes that withdrawal is appropriate.

However, as substitute counsel has not appeared for Kessel and he has not appeared pro se, the Court shall grant Taran's Motion on the condition that she remain counsel of record in ECF for forwarding purposes until Kessel retains alternate counsel or appears pro se. *See* Civ. L.R. 11-5(b) ("When withdrawal by an attorney from an action is not accompanied by simultaneous appearance of substitute counsel or agreement of the party to appear pro se, leave to withdraw may be subject to the condition that papers may continue to be served on counsel for forwarding purposes . . . unless and until the client appears by other counsel or pro se.").

**CONCLUSION**

For the reasons stated above, the Court **GRANTS** Jessica Taran's Motion to Withdraw as Counsel for Defendant Andrey Kessel. However, because Kessel has not consented to the withdrawal and no substitution of counsel has been filed on his behalf, the Motion is granted on the condition that all papers from the Court and from other parties shall continue to be served on Taran for forwarding purposes until a substitution of counsel is filed as provided by Civil Local Rule 11-5(b). For all such documents, Taran shall e-file proof of service upon Kessel. No chambers copy is required.

As Kessel is now proceeding pro se, the Court directs his attention to the Handbook for Litigants Without a Lawyer, which is available free of charge in the Clerk's Office or online at http://cand.uscourts.gov/prosehandbk. Kessel may also wish to seek assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by calling 415-782-8982, or by signing up for an appointment on the 15th Floor of the Federal Courthouse in San Francisco, 450 Golden Gate Avenue, San Francisco, California. At the Legal Help Center, you will be able to speak with an attorney who may be able to provide basic legal help but not representation. More information is available at http://cand.uscourts.gov/helpcentersf.

Finally, as the Clerk of Court has entered default against Kessel, the Court instructs him that he may not appear in this case without first filing a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c).

**IT IS SO ORDERED.**

Dated: May 17, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge