UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIN HOLDINGS CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>FORMULA VC LTD., et al.,<br><br>Defendants. | Case No. 15-cv-02294-MEJ<br><br>**ORDER VACATING HEARING AND REQUESTING CLERK REASSIGN CASE;**<br>**REPORT AND RECOMMENDATION ON JOINT MOTION FOR GOOD FAITH DETERMINATION OF SETTLEMENT**<br><br>Re: Dkt. No. 71 |

**INTRODUCTION**

Plaintiff Chassin Holdings Corporation ("Plaintiff") brings this action against Defendants Formula VC Fund I GP, L.P.; Formula VC Ltd.; Renata Akhunova (together, the "Participating Defendants"); and Andrey Kessel. Plaintiff and the Participating Defendants (together, the "Settling Parties") have filed a Joint Motion for Determination of Good Faith Settlement ("Motion") pursuant to California Code of Civil Procedure sections 877 and 877.6. Mot., Dkt. No. 71. Roberto Kampfner, counsel for Plaintiffs, and Ms. Akhunova each submitted a declaration in support of the Motion. *See* Dkt. Nos. 72 (Akhunova Decl.), 73 (Kampfner Decl.). Mr. Kessel neither joins nor opposes the Motion. Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this matter suitable for disposition without oral argument and **VACATES** the August 18, 2016 hearing.

Although the Settling Parties have consented to this Court's jurisdiction pursuant to 28 U.S.C. § 636(c) (*see* Dkt. Nos. 8, 19 at 7), Mr. Kessel has not done so. Accordingly, the Court **ORDERS** the Clerk of Court to reassign this case to a District Judge and **RECOMMENDS** that the Motion be granted in full as described herein.

**BACKGROUND**

Plaintiff initiated this action on May 21, 2015 (Dkt. No. 1) and filed its First Amended Complaint ("FAC") on December 9, 2015 (Dkt. No. 34). Plaintiff alleges violations of the Securities Exchange Act of 1934, 15 U.S.C. § 78(j)(b), as well as claims under state law. *See* FAC.

Plaintiff alleges Defendants solicited it to invest in Formula VC Fund I, L.P. (the "Fund"), and that Defendants made material misrepresentations regarding their expertise in investing in technology companies and their ability to bring additional investors into the Fund. Plaintiff alleges, for example, that Defendants falsely represented that the Fund would invest in dozens of start-up companies; that Defendants would use their extensive connections to raise approximately $60 million in additional investment for the Fund from third parties; and that Defendants had the skill and experience to deliver on these commitments. Plaintiff contends these misrepresentations caused it to invest in the Fund. *See* Mot. at 3; *see also* FAC ¶¶ 71-76, 95-99, 105-111.

Plaintiff contends it contributed $3.25 million to the Fund and that at least $750,000 of this investment was used to pay management fees. *See* Mot. at 3; *see also* FAC ¶¶ 3, 40-41, 84-85.[1] Plaintiff contends Defendants took hundreds of thousands of dollars in management fees to which they were not entitled.

Plaintiff further alleges Defendants breached their fiduciary duties to Plaintiff by failing to act with skill, care, and diligence in the conduct of the Fund and by disregarding clear conflicts of interests. Plaintiff alleges Ms. Akhunova failed to properly administer the Fund's cash; Defendants made inappropriate investments that were not consistent with the Fund's objectives; Defendants paid themselves unearned management fees; and Defendants failed to properly report on the Fund's activities. *See* Mot. at 3; *see also* FAC ¶¶ 31-42, 113-124.

The Participating Defendants believe Plaintiff's contentions have no merit as to them. *See* Mot. at 4. Ms. Akhunova contends any misrepresentations were made by Mr. Kessel, not the other Defendants. Akhunova Decl. ¶ 14. Participating Defendants assert Mr. Kessel is the party

---

[1] The Motion and the FAC list different figures for the investment fees at issue in the action. The figures in the Background Section are taken from the FAC.

who materially misrepresented his ability to raise funds and seek out investments. Indeed, the Participating Defendants claim Mr. Kessel was brought on to provide expertise in such areas, but failed to deliver. Further, the Participating Defendants deny they took inappropriate management fees or breached their fiduciary duties to Plaintiff. Finally, the Participating Defendants assert only Mr. Kessel handled the Squirro investment, and that Ms. Akhunova questioned Mr. Kessel's lack of due diligence when making the investment. Mot. at 4.

The Participating Defendants also assert counterclaims against Plaintiff. *See* Counterclaim ¶¶ 161-174, Dkt. No. 37. They contend Plaintiff continues to owe them $125,000 in management fees and that they will be entitled to future distributions from the Fund based on a $250,000 capital account. Plaintiff denies these allegations. Mot. at 4.

On April 19, 2016, the Court denied Mr. Kessel's motion to dismiss for lack of personal jurisdiction over him. Dkt. No. 50. Mr. Kessel subsequently informed his attorney he no longer intended to participate in the proceedings and would take no further steps to defend the action. Taran Mot., Dkt. No. 53. The Court allowed Mr. Kessel's attorney to withdraw as counsel on the condition she continue to accept documents for service and forward them to Mr. Kessel until a substitution of counsel was filed (Dkt. No. 66); Mr. Kessel has not made any additional filings since then.

Plaintiff and Mr. Kessel could not reach a settlement despite efforts to resolve the matter. However, Plaintiff and the Participating Defendants were able to resolve this matter pursuant to the terms of the Settlement Agreement. *See* Akhunova Decl., Ex. A. The Settling Parties represent they reached the Agreement in good faith and after arm's-length negotiations. Akhunova Decl. ¶ 8, Kampfner Decl. ¶ 3.

## LEGAL STANDARD

California Code of Civil Procedure section 877.6 permits a court to approve a settlement if it determines the settlement was made in good faith. Cal. Civ. Proc. Code § 877.6; *see also Fed. Sav. & Loan Ins. Corp. v. Butler*, 904 F.2d 505, 511 (9th Cir. 1990) ("section 877.6 procedures do not govern a federal action . . . [but] the substantive provisions . . . are applicable"). A finding of good faith settlement between a plaintiff and "one or more of a number of tortfeasors claimed to

be liable for the same tort, or to one or more other co-obligors mutually subject to contribution rights," releases the settling defendant "from all liability for any contribution to any other parties." Cal. Civ. Proc. Code § 877(b). In other words, a court's determination of a good faith settlement "bar[s] any other joint tortfeasor or co-obligor from any further claims against the settling tortfeasor or co-obligor for equitable comparative contribution, or partial or comparative indemnity, based on comparative negligence or comparative fault." Cal. Civ. Proc. Code § 877.6(c). While the settlement does not discharge any other party from liability, unless its terms so provide, "it shall reduce the claims against the others in the amount stipulated by the release, the dismissal or the covenant, or in the amount of the consideration paid for it, whichever is the greater." *Id.* § 877(a).

Section 877.6 reflects "two major goals": "the equitable sharing of costs among the parties at fault and the encouragement of settlements." *Abbott Ford, Inc. v. Superior Ct.*, 43 Cal. 3d 858, 872 (1987). A good faith settlement is one within "the reasonable range of the settling tortfeasor's proportional share of comparative liability for the plaintiff's injuries." *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985). When determining whether a settlement was made in good faith under section 877.6(a)(1), the intent and policies underlying section 877.6 generally require courts to take into account a number of factors: (1) a rough approximation of the plaintiff's total recovery and the settlor's proportional liability in view of the settlement amount; (2) the amount paid in settlement; (3) the allocation of settlement proceeds among plaintiffs; (4) the recognition that a settlor should pay less in settlement than he would if he were found liable after trial; (5) the financial conditions and insurance policy limits of the settling tortfeasor; and (6) the existence of collusion, fraud or tortious conduct intended to injure the interests of the non-settling parties. *Id.* at 499-500.

But "[o]nly when the good faith nature of a settlement is disputed, [is it] incumbent upon the trial court to consider and weigh the *Tech-Bilt* factors." *City of Grand Terrace v. Superior Ct.*, 192 Cal. App. 3d 1251, 1261 (1987). In other words, when no party opposes a good faith settlement application, "the barebones motion which sets forth the ground of good faith, accompanied by a declaration which sets forth a brief background of the case is sufficient[,]" and

4

the court need not consider the *Tech-Bilt* factors. *Id*.

**DISCUSSION**

The Motion, together with the Kampfner and Akhunova declarations, set forth the basis for the good faith settlement and the background of the case. Because Mr. Kessel has not opposed the Motion[2], consideration of the *Tech-Bilt* factors is unnecessary. *See PAG-Daly City, LLC v. Quality Auto Locators, Inc.*, 2014 WL 807415, at *2 (N.D. Cal. Feb. 27, 2014) ("Because no party contests the motion, it is unnecessary to weigh the *Tech-Bilt* factors."); *Schaeffer v. Gregory Vill. Partners, L.P.*, 2015 WL 5316357, at *2 (N.D. Cal. Sept. 11, 2015) (same).

In an abundance of caution, the Court nonetheless reviews the applicable *Tech-Bilt* factors.[3] Ultimately, the Court finds nothing about the consideration of these factors weighs against making a good faith settlement determination. First, Ms. Akhunova contends Mr. Kessel is primarily responsible for the wrongful conduct pleaded in the Amended Complaint. *See* Akhunova Decl. ¶ 14. Mr. Kessel has elected not to keep participating in the action, and accordingly has not provided any evidence contradicting Ms. Akhunova's contentions. Plaintiff anticipates requesting a default judgment against Mr. Kessel in excess of $1 million. Mot. at 7. The $100,000 payment from Ms. Akhunova to Plaintiff represents a rough approximation of her proportional liability, with Mr. Kessel bearing the greater share of the total liability. Second, the payment represents the extent of Ms. Akhunova's ability to pay—it constitutes more than her life savings and she will need to borrow from friends to raise the full amount. Akhunova Decl. ¶ 11. Third, the settlement amount is less than what Plaintiff demanded, and less than what they would seek at trial. Fourth, the other Participating Defendants, Formula VC Ltd and Formula VC GP, L.P., are defunct entities; Ms. Akhunova is the only Participating Defendant with assets. *Id*. ¶ 9. Finally, the Settling Parties declare the Settlement was reached after arm's-length bargaining that lasted several months; that there was no collusion among the Settling Parties; and that several offers were made involving all defendants. *Id*. ¶ 8; *see also* Kampfner Decl. ¶ 3. They represent

---

[2] The Motion was served on Mr. Kessel's attorney of record by the Court's ECF system, and she forwarded the documents to Mr. Kessel on July 12, 2016. *See* Dkt. No. 79 (proof of service).
[3] There is only one plaintiff in the action.

1 there are no agreements of any kind among the Settling Parties, other than those described in the

2 Settlement Agreement. Akhunova Decl., ¶ 13, Kampfner Decl., ¶ 4.

3     The Court accordingly finds the Settlement is adequate and reasonable under the

4 circumstances and is made in good faith pursuant to section 877.6. Based on these findings, and

5 having received no opposition, the Court recommends granting the Motion.[4]

## CONCLUSION

For the foregoing reasons, the Court **recommends** the District Judge**:**

    (1) **GRANT** the Motion for Good Faith Determination of Settlement pursuant to California Code of Civil Procedure sections 877 and 877.6;

    (2) **APPROVE** the Settlement, which is attached as Exhibit A to the Akhunova Declaration;

    (3) **ORDER** barred all claims against the Participating Defendants for contribution and/or indemnity by any other party to this action, or any other joint tortfeasor or co-obligor, related to the claims that were presented or could have been presented in this action; and

    (4) **DISMISS** with prejudice all claims, cross-claims, and counterclaims asserted between Plaintiff and the Participating Defendants.

//
//
//
//
//
//

---

[4] The Court is satisfied that due process requirements prevent misuse of the good faith settlement statute in the absence of nonsettling defendants. The determination of a good faith settlement is not limitless: "[A]n unnamed joint tortfeasor whose potential liability is known, or reasonably should be known, to the settling parties but who is given no opportunity to be heard . . . is not bound by a good faith determination[.]" *City of Emeryville v. Robinson*, 621 F.3d 1251, 1266 (9th Cir. 2010) (quotation omitted). Mr. Kessel's prior counsel sent him a copy of the Motion, and he was given the opportunity to oppose it; he did not do so.

Pursuant to Federal Rule of Civil Procedure 72, any party may serve and file objections to this report and recommendation within 14 days after being served with a copy.

**IT IS SO ORDERED AND RECOMMENDED.**

Dated: August 15, 2016

_____
MARIA-ELENA JAMES
United States Magistrate Judge