UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHASSIN HOLDINGS CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FORMULA VC LTD., et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-02294-EMC<br><br>**ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION; AND GRANTING JOINT MOTION FOR GOOD FAITH DETERMINATION AND BARRING CLAIMS AGAINST PARTICIPATING DEFENDANTS**<br><br>Docket Nos. 71, 80 |

　　　　The Court has reviewed the parties' Joint Motion for Determination of Good Faith Settlement pursuant to California Code of Civil Procedure §§ 877 and 877.6 ("Motion"), Docket No. 71, as well as the Magistrate Judge's Report and Recommendation that the Motion be granted in full, Docket No. 80. The Court agrees, and hereby adopts the Magistrate Judge's recommendation.

　　　　The Court therefore finds as follows:

　　　　1.　　The Settlement and Release Agreement (the "Settlement") between Plaintiff Chassin Holdings Corporation, on the one hand, and Defendants Formula VD Fund I, GP, L.P., Formula VC Ltd., and Renata Akhunova, on the other hand (the "Participating Defendants"), a copy of which is attached to the Declaration of Renata Akhunova in support of the Joint Motion, was made in good faith within the meaning of Sections 877 and 877.6 of the California Code of Civil Procedure. The Court notes that it has independently reviewed the factors set out in *Tech-Bilt, Inc. v. Woodward-Clyde & Assocs.*, 38 Cal. 3d 488, 499 (1985), and concludes, based on those factors, that a determination of good faith is warranted. In particular, the Court notes that with respect to proportional liability, the Court observes that the settlement agreement calls for the

Participating Defendants to pay $100,000, while Plaintiff anticipates requesting a default judgment against the nonparticipating Defendant Andrey Kessel in excess of $1 million. Motion at 7. This disparity is justified in light of the uncontroverted allegations that Mr. Kessel was primarily responsible for the wrongful conduct alleged in Plaintiff's complaint and was substantially more culpable than Participating Defendants.

    2.    Notice has been given to all non-settling defendants.

    3.    Good cause appears to grant the Joint Motion and approve the relief requested therein.

Upon the foregoing reasons and findings, the Court hereby:

**ORDERS** that the Joint Motion for Good Faith Determination is **GRANTED** in its entirety;

**FURTHER ORDERS** that the Settlement is **APPROVED**;

**FURTHER ORDERS** that all claims against the Participating Defendants for contribution and/or indemnity by any other party to this Action or any other joint tortfeasor or co-obligor related to the claims that were presented or could have been presented in this Action are hereby **BARRED**; and

**FURTHER ORDERS** that any and all claims, cross claims, or counterclaims asserted between Plaintiff, on the one hand, and the Participating Defendants, on the other, are hereby **DISMISSED** with prejudice.

This order disposes of Docket Nos. 71 and 80.

**IT IS SO ORDERED**.

Dated: September 21, 2016

_____
EDWARD M. CHEN
United States District Judge